UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRESCRIPT PHARMACEUTICALS INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>*Defendants*. | Civil Action No. 24-2729 (SLS)<br>Judge Sparkle L. Sooknanan |

## MEMORANDUM OPINION

This case involves a small California drug company contesting the government's decision to revoke its license to sell certain classes of drugs. In November 2023, the Drug Enforcement Administration (DEA) found that Prescript Pharmaceuticals, Inc. posed an imminent threat to health and safety and suspended its certificate of registration. An administrative law judge reviewed the case and ruled in the government's favor, recommending that the DEA either revoke Prescript's registration or find the case moot because Prescript had since failed to renew its registration. Prescript and its founder, William Hartig, sued the DEA and other officials under the Controlled Substances Act, the Administrative Procedure Act, and the Fifth Amendment seeking injunctive and declaratory relief. The Defendants moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). While that motion was pending, the DEA issued a final decision adopting the administrative law judge's decision and revoking Prescript's registration. The Defendants now argue that the DEA's decision divests this Court of jurisdiction under 21 U.S.C. § 877. The Court agrees and dismisses the case.

## BACKGROUND

### A.  Statutory Background

The Controlled Substances Act makes it "unlawful to manufacture, distribute, dispense, or possess any controlled substance except as authorized by the [Act]." *Gonzales v. Raich*, 545 U.S. 1, 2 (2005) (citing 21 U.S.C. §§ 841(a)(1), 844(a)). It requires entities that dispense controlled substances to "obtain proper registration from the Attorney General," *Morall v. Drug Enf't Admin*, 412 F.3d 165, 173 (D.C. Cir. 2005) (citing 21 U.S.C. § 822(a)), and the Attorney General has delegated that authority to the DEA, *see John Doe, Inc. v. Drug Enf't Admin.*, 484 F.3d 561, 563 n.2 (D.C. Cir. 2007) (citing 21 U.S.C. §§ 821, 871(b); 28 C.F.R. § 0.100(b)). The DEA thus grants registrations and monitors compliance with the Act. *Virtus Pharmaceuticals, LLC v. Merrick Garland, et. al.*, No. 21-cv-2308, 2021 WL 4306165, at *2 (D.D.C. Sept. 22, 2021) (citing 21 C.F.R. § 1301.74(b) & (c)).

The DEA can deny, revoke, or suspend a registration in certain circumstances by instituting an administrative proceeding and providing the registrant with an "order to show cause" containing a "statement of the basis for denial" and a notification of the "opportunity to submit a corrective action plan on or before the date of appearance." 21 U.S.C. § 824(c)(2)(A)–(C); *see also Virtus Pharmaceuticals, LLC*, 2021 WL 4306165, at *9. But these requirements can be waived if the DEA "has reason to believe that a registrant's continued operation would pose 'an imminent danger to the public health or safety.'" *Cardinal Health, Inc. v. Holder*, 846 F. Supp. 2d 203, 207 (D.D.C. 2012) (citing to 21 U.S.C. § 824(d)). In that scenario, the DEA may "suspend that party's registration immediately, prior to an administrative hearing, by issuing an immediate suspension order." *Id.* (citing 21 U.S.C. § 824(d)). Immediate suspension is appropriate when, "in the absence of [it,]" there is a "substantial likelihood" that "death, serious bodily harm, or abuse of a controlled

substance will occur." 21 U.S.C. § 824(d); *see also Virtus Pharmaceuticals, LLC*, 2021 WL 4306165, at *2.

## B.    Factual Background

The Court draws the facts, accepted as true, from the Plaintiffs' Complaint. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). It also takes judicial notice of "information posted" on government agencies' "official public websites." *Pharm. Research & Mfrs. of Am. v. United States Dep't of Health & Hum. Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014).

For more than three decades, Prescript has purchased drugs from wholesalers and repackaged them for sale. *See* Compl. ¶¶ 1, 16, ECF No. 1. Prescript's operations mimic what "happens every day at local pharmacies across the country." *Id.* ¶ 18. It does not make or produce the "raw pharmaceutical powder, *i.e.* active pharmaceutical ingredient, that is incorporated into the pills or capsules that people take." *Id.* ¶¶ 19–20. Prescript has successfully obtained a certificate of registration from the DEA each year it has been in operation. *Id.* ¶ 25. This registration authorizes Prescript to "engage in repackaging and relabeling activities," but not to "manufacture bulk-form controlled substances" or even to "convert bulk-form . . . controlled substances in dosage form." *Id.* ¶ 26.

In 2014, in response to a notice from the DEA, Prescript applied for a procurement quota so it could sell certain pharmaceuticals. *Id.* ¶ 36. The DEA denied Prescript's application. *Id.* Prescript did not apply for another quota procurement until 2017. *Id.* ¶ 37. The DEA granted the application and granted another quota procurement in 2018. *Id.* ¶ 37. But Prescript determined that

it "should not have applied for a quota" and never applied for one again. *Id.* ¶¶ 37–38. The DEA continued to issue certificates of registration to Prescript. *Id.* ¶ 37.[1]

On November 21, 2023, two DEA Agents arrived "unannounced" and raided Prescript. *Id.* ¶ 53. The DEA immediately suspended Prescript's registration without notice and an opportunity to respond to the DEA's allegations or to "come into compliance with the DEA's claimed view of the law[.]" *Id.* ¶ 55. The DEA's order was based on a finding of "imminent danger." Mot. Dismiss, Order to Show Cause at 4, ECF No. 11-3. It stated that Prescript "violated federal law by ordering controlled substances" "for which Prescript had not obtained a procurement quota from the DEA." Mot. Dismiss at 3, ECF No. 11. The order revoked Prescript's certificate of registration and "authorized [the officers delivering the order] to place under seal or to remove for safekeeping all controlled substances that Prescript possesses[.]" *Id.* at 4.[2]

C.   **Prior Administrative Proceedings**

Following the DEA raid, Prescript requested a hearing before an administrative law judge. *See* Mot. Dismiss, Ex. 4, *Recommended Rulings, Findings of Fact, Conclusions of Law, and Decision of the Administrative Law Judge* (Oct. 31, 2024) (ALJ Decision); *see also Vitus*

---

[1] Companies that handle controlled substances are subject to a "quota system." U.S. Gov't Accountability Off., GAO-15-202, *Drug Shortages: Better Management of the Quota Process for Controlled Substances Needed; Coordination Between DEA and FDA Should Be Improved* 2 (Feb. 2015), https://perma.cc/2YRP-BEE7. These quotas, which are set by the DEA, "limit the amount of certain substances that are available in the United States." *Id.* at 1.

[2] The Order to Show Cause, which the Defendants attached to their motion, is properly before the Court. *See Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (finding that a document that is "appended" to a motion to dismiss and "whose authenticity is not disputed" may be considered when it is "referred to in the complaint" and "integral" to the plaintiff's claim); *see also Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (explaining that a court may consider documents "upon which the plaintiff's complaint necessarily relies even if the document is produced . . . by the defendant in a motion to dismiss" (internal quotations and citation omitted)).

*Pharmaceuticals*, 2021 WL 4306165, at *2 (citing 21 U.S.C. § 824(c); 21 C.F.R. §§ 1301.36(d), 1301.42) (Under the Controlled Substances Act, an "impacted registrant" whose certification has been revoked is "entitled to an administrative hearing before the DEA, for the purpose of submitting evidence regarding the issues involved in the proposed revocation or suspension."). On October 31, 2024, the judge issued a 38-page opinion recommending that the DEA administrator either render the case moot or revoke Prescript's license. *See* Mot. Dismiss, ALJ Recommended Decision, ECF No. 11-4. The judge noted in the decision that Prescript had failed to renew its certificate of registration with the DEA. *See id.* at 2. "[A] prerequisite to staving off a [Certification of Registration] expiration is the timely submission of a renewal application." *Id.* at 4. "[S]ince that was not done," the judge reasoned, the certificate of registration "expired by its own terms on March 31, 2024," meaning that "the exclusive basis for the Agency to act [] has expired and no longer exists." *Id.*

On April 2, 2025, while this lawsuit was pending, the Deputy Administrator of the DEA reached a final decision revoking Prescript's license and adopting and incorporating the findings of the administrative law judge. *See Prescript Pharmaceuticals; Decision and Order*, Docket No. 24-21, 90 FR 14476-14481 (Apr. 2, 2025), https://perma.cc/SBK4-XBAS. The detailed decision, which was published in the Federal Register, became effective on May 2, 2025. *Id.*

### D. Procedural Background

Prescript and Mr. Hartig sued on September 24, 2024, raising claims under the Controlled Substances Act, the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment. *See* Compl. ¶¶ 60–64, 65–82, 83–91. They seek an order from the Court compelling the DEA to restore Prescript's licenses, dissolving the DEA's suspension order, and declaring that Prescript is not subject to the DEA's procurement quota system. *Id.* ¶ 3. On December 20, 2024,

the Defendants moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), Mot. Dismiss, ECF No. 11, and that motion is fully briefed, Pls.' Opp'n, ECF No. 14, Defs.' Reply, ECF No. 16. On April 3, 2025, while the motion was pending, the Defendant filed a notice alerting the Court to the DEA's final decision, *see* Defs.' Not. at 1, ECF No. 17, to which the Plaintiffs responded on May 2, 2025, *see* Pls.' Not., ECF No. 21, and the Defendants replied, *see* Defs.' Not. Reply, ECF No. 22. On the same day the Plaintiffs responded to the DEA's notice, it filed a petition for review of the DEA's final decision in the D.C. Circuit, *see Prescript Pharmaceuticals, et al. v. U.S. Drug Enforcement Administration*, Case No. 25-1121 (D.C. Cir.), although it neglected to inform the Court of that fact.

## LEGAL STANDARD

"Federal district courts are courts of limited jurisdiction and 'possess only that power conferred by [the] Constitution and [by] statute.'" *Logal v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 152 (D.D.C. 2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A court thus has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (citing 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. 2d, § 1350)). When jurisdiction "ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

## DISCUSSION

The Defendants urge dismissal for lack of jurisdiction in light of the DEA's final decision revoking Prescript's certificate of registration. *See* Defs.' Not. at 1–2. The Court agrees and dismisses the case. The Controlled Substances Act divests this Court of jurisdiction to review the

DEA's final decision to revoke Prescript's license, and the Plaintiffs are already pursuing their claims in the proper forum.

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Jarkesy v. SEC*, 803 F.3d 9, 15 (D.C. Cir. 2015) (quoting *Bowles v. Russell*, 551 U.S. 205, 212 (2007)). When Congress establishes a "special statutory review scheme," courts are to assume that "Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies." *Id.* (citation omitted). The Controlled Substances Act contains such an exclusive-review provision:

> All final determinations, findings, and conclusions of the Attorney General under this subchapter shall be final and conclusive decisions of the matters involved, except that any person aggrieved by a final decision of the Attorney General may obtain review of the decision in the United States Court of Appeals for the District of Columbia or for the circuit in which his principal place of business is located upon petition filed with the court and delivered to the Attorney General within thirty days after notice of the decision. Findings of fact by the Attorney General, if supported by substantial evidence, shall be conclusive.

21 U.S.C. § 877; *see also* 28 C.F.R. § 0.100(b) (Attorney General delegating authority to DEA). The D.C. Circuit has confirmed that Section 877 vests courts of appeals with exclusive jurisdiction to review final decisions of the DEA. *See Hemp Indus. Ass'n v. Drug Enf't Admin.*, 36 F.4th 278 (D.C. Cir. 2022) ("[C]laims falling within the ambit of section 877—those challenging a final decision of the DEA under the [Controlled Substances Act]—are considered by the courts of appeals, not the district courts.").

When the Plaintiffs filed this lawsuit, the Parties were awaiting a final decision from the Deputy Administrator of the DEA. But the DEA has now acted, adopting the findings of the administrative law judge and revoking Prescript's certificate of registration. This revocation is final, as it ends the decisionmaking proceedings and determines Prescript's right to continue selling controlled substances. *See Decision and Order*, Docket No. 24-21, 90 FR 14476-14481;

*Bennett v. Spear*, 520 U.S. 154, 156 (1997) (agency action is final if it (1) "mark[s] the 'consummation' of the agency's decisionmaking process," and (2) is an action "by which 'rights or obligations have been determined[.]'" (citations omitted)). Prescript's only recourse is to seek review "in the United States Court of Appeals for the District of Columbia or for the circuit in which [its] principal place of business is located." 21 U.S.C. § 877. And it has done exactly that. On May 2, 2025, Prescript filed a petition for review of the DEA's final decision in the D.C. Circuit. *See Prescript Pharmaceuticals, et al. v. U.S. Drug Enforcement Administration*, Case No. 25-1121 (D.C. Cir.).

Prescript nonetheless asks this Court to "declar[e] that the seizure [of its controlled substances] was illegal" and to "compel[] the return of the seized property." Pls.' Not. at 5. But the DEA Deputy Administrator addressed this very issue in ruling against Prescript and finding that the seizure was lawful, *see Decision and Order*, Docket No. 24-21, 90 FR 14476-14481 ("Thus, issuing a final order in this matter will clarify the disposition of those assets, memorialize the allegations and evidence in this matter, and communicate the Agency's expectations to other current and prospective registrants engaged in similar activities."); *see also Brewster Drug, Inc.*, 85 FR 19020, 19021 (2020) (under 21 U.S.C. 824(f) and 25 CFR 0.100(b), "all controlled substances seized pursuant to the Order of Immediate Suspension of Registration are forfeited to the United States"), a decision Prescript is challenging in the D.C. Circuit.

The Plaintiffs also invoke the mootness doctrine, pointing out that the DEA's immediate suspension order in this case is "capable of repetition, yet evading review." Pls.' Not. at 7 (citing *Connecticut Light & Power Co. v. FERC*, 627 F.2d 467, 469–70 (D.C. Cir. 1980)). But the DEA Deputy Administrator's final decision does not render this lawsuit moot. Rather, it divests this Court of jurisdiction. *See* 21 U.S.C. § 877; *see also John Doe, Inc.*, 484 F.3d at 565 ("We conclude

8

the district court correctly determined exclusive jurisdiction over Doe's claims lies in the courts of appeals pursuant to 21 U.S.C. § 877."). And the Plaintiffs have already challenged the DEA's actions in the proper forum. Thus, dismissal of this case will not "stymie judicial review" of immediate suspension orders and give the DEA "license to shutter lines of business without meeting the strict criteria set by Congress." Pls.' Not. at 7, 8.

## CONCLUSION

For the foregoing reasons, the Court dismisses the case for lack of subject-matter jurisdiction.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   May 16, 2025